## Durham, et al. v. Perkins.

(Decided May 18, 1926.)

### Appeal from Green Circuit Court.

1. Partnership.—Where partnership accounting involves determination of numerous and complicated questions of charges and expenses, reference will be ordered.

2. Partnership—Where Former Judgment in Suit to Dissolve Partnership and for an Accounting Established Existence of Partnership,

Court should in Determining Net Profits Only Hear Evidence on Terms of Contract, in Addition to that Already Heard.—Where former judgment from which no appeal was prosecuted, in suit to dissolve partnership and for an accounting, established existence of partnership between plaintiffs and defendant, court should in determining net profits of business only hear evidence on various terms and phases of partnership contract, in addition to that already heard.

MILBY & HENDERSON and JEFF HENRY for appellants.

C. H. NOGGLE and J. H. GRAHAM for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The petition alleges that appellants, J. L. Durham, et al., with appellee, Perkins, were a partnership operating under the name of "Greensburg Auto Company," at Greensburg, Kentucky, in 1917, carrying on business of sales agents for Ford cars and other products manufactured by the Ford Motor Company of Detroit, Michigan, appellants owning one-half of the business and entitled to one-half of the net profits, while appellee, Perkins, owned, the other one-half and was entitled to one-half of the net profits. This suit was instituted by appellants against appellee for a dissolution of the partnership and for an accounting. The answer denied that appellee Perkins was a member of the partnership with appellants or otherwise, or that any such partnership existed and denied that he as a member of the partnership, controlled the business of the Greensburg Auto Company, and further denied that he was indebted to appellants, or either of them, in any sum as a result of such partnership or otherwise. Evidence was taken and the cause submitted upon the question of the existence or nonexistence of the partnership. The court advised, found that the partnership existed between the parties from the first day of November, 1918, to September 11th, 1919; that appellants were entitled to one-half of the net profits and appellee, Perkins, to the other one-half during that period; and that appellee, Perkins, was entitled to $7.50 on each car for setting it up, in accordance with the partnership contract. Appellee, Perkins, then filed an amended answer and counterclaim in which he averred that the expense of operating the partnership business was greater than the net profits, and that appellants were indebted to him on this account in a sum of something

more than $450.00. His answer and counterclaim set out numerous items of expense and loss incurred and sustained by the partnership during its existence which totalled a sum greater than the net profits from the commission earned by the sale of automobiles. The gross profits earned by the sale of cars as alleged in the answer and counterclaim is $4,147.75, but this sum was subject to certain named and admitted credits, leaving a balance of $3,955.25. Among the items of expense incurred by the partnership as alleged in the answer and counterclaim were advertising $10.96; license, $11.00; license plates, $2.00; Dearborn Independent, $20.00; wheel chains, $3.00. Other items of expense alleged were $270.00 for setting up cars at $7.50 each, and this is admitted. But many other items such as salary of a mechanic at $20.00 per week, $900.00; another item for same kind of service, and another mechanic, $270.00, and a like sum to another mechanic and still another one, $337.50. He also charged $259.16 for rental of the garage and $400.00 for loss on cars which were on hand when the prices were reduced by the Ford Motor Company. Another item of $1,036.66 is for services of appellee, Perkins, as manager of the business during the partnership. Appellant Durham, et al., alleged and introduced evidence to prove that they entered into a verbal contract with appellee, Perkins, whereby Perkins became a member of the partnership operating under the name and style of Greensburg Auto Company; that before that time appellant as a partnership owned and controlled the Ford agency in Green county, Kentucky, and had the exclusive right to sell the Ford Motor Company's products in that county and that this was a valuable agency out of which they were earning considerable money; that the Ford agency made a rule requiring their agents to have a garage but that appellant had none and were considering the erection or purchase of a garage or entering into an arrangement with some established garage to take over their agency, when they consulted appellee, Perkins, who then owned and operated a service garage in Greensburg, and entered into a contract with him whereby he, in consideration of a one-half interest in the Ford agency, a valuable asset, agreed to take over the agency, move their stock and supplies to his garage, attend to the sale of cars, furnish the garage, and give his services in consideration of one-half of the net profits, Perkins to receive $7.50 for setting up new cars on their

arrival at the garage, it being agreed that he should also have and operate his services garage and have all the profits therefrom and have the exclusive right to handle and sell Ford accessories without responsibility or liability to the partnership for any part of the profits arising from that end of the business. Perkins denied that any such contract was entered into, but the chancellor found that a partnership existed and there is no cross-appeal from that judgment. After finding the partnership to have existed, as alleged in the petition, and that by it Perkins was entitled to $7.50 for setting up cars the court heard other evidence and concluded that the expenses and loss incident to the conduct of the partnership business was equal to the net profits, and dismissed both the petition and the counterclaim, and the plaintiffs, now appellants, bring the case here, insisting that the cause should have been referred to the master to ascertain the net profits and report his finding to the court, which was not done.

The items involved are so numerous and complicated and the evidence before us so vague and uncertain that it appears an interminable task to ferret out the details and to arrive at a just and proper conclusion as to the rights of the parties to the partnership arrangement and settle the affairs of the partnership. This can be done much better by the master commissioner and, the cause is reversed with directions to refer the matter to the master commissioner to hear proof and ascertain the net profits derived from the business of the partnership, apportion the same, if any, among the parties to the agreement as their rights may appear and report his finding in writing to the court which may, if exceptions be filed, hear other evidence and settle each question involved in the controversy. The existence of the partnership having been established by a former judgment from which no appeal was prosecuted, the court should only hear evidence upon the various terms and phrases of the contract in addition to that already heard. The judgment finding the existence of a partnership settled only two of the terms and conditions of that agreement, (a) that the appellants were entitled to one-half of the net profits and appellee to the other one-half; (b) appellee, Perkins, was entitled to $7.50 for each car set up. The court did not determine whether appellants' claim that appellee, Perkins, was to give his time to the business without compensation save that which was derived from

his part of the commission, and, furnish the garage free
of rent.  It would seem that inasmuch as the partner-
ship contract related only to the sales agency and the
agency only handled new cars that it could not have been
within the contemplation of the parties in making the
contract that appellee, Perkins, should engage mechanics
on a weekly salary basis, or otherwise, at the expense of
the partnership, but this is a question on which the mas-
ter should take evidence.  Being in the service garage
business, repairing old cars for other people he naturally
needed mechanics in his end of the business, but it is hard
to understand how the partnership could have required
the services of three or four mechanics to service new
cars.  However, it is quite probable, and this must be
determined from the evidence, that the new cars required
some service and that after some of the cars were sold
they were returned to the garage for additional service
and to be conditioned.  Such service was likely, but what-
ever it was, would appear in the absence of a specific
contract on the subject, to be properly chargeable against
the partnership but all other services performed by the
mechanics at the garage, except that which was upon the
cars sold by the agency, was necessarily at the expense
of appellee, Perkins, and was not properly charged
against the partnership.  So, too, the claim of appellee,
Perkins, for salary as manager of the garage for the
partnership must stand or fall upon the evidence.  If
the chancellor after hearing the evidence presented by
the master concludes that the contract was as claimed by
appellants, and that appellee, Perkins, was to give his
time and services to the partnership business without
additional compensation to the commission earned by the
agency, his claim for services must be rejected; but if
the evidence shows that he was to have a salary or addi-
tional compensation for his services as manager in addi-
tion to one-half of the commission earned by the sale of
cars, the report of the master and the judgment of the
court should so recite, and the amount thereof.

The judgment appealed from only held "that neither
the plaintiffs on their petition nor the defendant on his
counterclaim recover anything and that the petition and
counterclaim each be dismissed, and that plaintiff shall
pay one-half of the cost of this action, and the defendant
shall pay the other one-half of the said cost," and did not
indicate how any one of the several questions to which

we have alluded was or should have been decided. The commissioner, when the cause is referred to him, can hear any relative evidence either party desires to offer *on* any one of the several questions presented, and make a separate finding and recommendation upon each item, and when that is done the court can easily and readily determine the rights of the parties and settle the partnership according to recognized rules and principles. Under the present state of the record this is impossible.

Judgment reversed with direction to refer the cause to the master for the taking of proof and the making and filing of a report and such other proceedings as may to the court seem proper.

Judgment reversed.